UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION,<br>    *Plaintiff*,<br><br>v.<br><br>CRYSTAL WHITE,<br>    *Defendant.* | No. 3:18-cv-1606 (VAB) |

**RULING AND ORDER ON MOTION TO REMAND**

Originally filed in Connecticut Superior Court by Wells Fargo Bank, N.A. ("Wells Fargo" or "Plaintiff") against Crystal White ("Defendant"), Ms. White removed this case to this Court under 28 U.S.C. § 1441 and claimed that this Court has both federal question and diversity jurisdiction over the case. Notice of Removal, ECF No. 1("Notice of Removal"), at ¶ 2. On January 31, 2018, the Court remanded the case back to Connecticut Superior Court for lack of subject-matter jurisdiction. *Id.*

Ms. White again removed the case, alleging false advertising defense under the Lanham Act. *Id.* at ¶¶ 4, 5.

Wells Fargo now moves to remand the case back to Connecticut Superior Court, arguing again that the Court lacks subject-matter jurisdiction over this case. Motion for Remand, ECF No. 8 ("Mot. for Remand"), at 3–8.

For the following reasons, the Court **GRANTS** Wells Fargo's motion to remand.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Factual Allegations**

Ms. White owned property located at 229 Landsdowne in Westport, Connecticut. Notice

1

of Removal, Ex. A, Underlying Complaint, ECF No. 1 ("Underlying Compl."), at ¶ 2. On September 13, 2005, she executed a note for a loan of $400,000 from World Savings Bank, FSB, in exchange for a mortgage on the property. *Id.* ¶¶ 3, 4. The mortgage was recorded on September 23, 2005. *Id.* ¶ 4.

On December 31, 2007, World Savings Bank, FSB, became Wachovia Mortgage, F.S.B. *Id.* On November 1, 2009, Wells Fargo purchased Wachovia Mortgage, F.S.B. *Id.* Wells Fargo now claims that it holds the Note and Mortgage. *Id.*

On June 23, 2013, Wells Fargo sued Ms. White in Connecticut Superior Court, seeking to accelerate the balance due on the Note, declaring it due in full, and to foreclose on the Mortgage securing the Note. *Id.* ¶ 5. The state court case proceeded through motions to dismiss and summary judgment motions, and trial was scheduled for May 25, 2017. Mot. for Remand, at 2.

On May 24, 2017, Ms. White removed this case to this Court, with the case being remanded back to state court in January 31, 2018. *Id.*

Once remanded back to Connecticut Superior Court, the state court issued a notice for trial to occur on July 24, 2018. *Id.* After Ms. White moved for a continuance, the trial court rescheduled the trial for September 26, 2018. *Id.* at 3.

On September 24, 2018, Ms. White filed a motion to dismiss the action based on a pending class-action lawsuit. *Id.* Wells Fargo responded the following day. *Id.* Then, Ms. White filed a motion for order of an evidentiary hearing and discovery request as to the attorney representation of Wells Fargo. *Id.*

On September 26, 2018, counsel for Wells Fargo and Ms. White were in Connecticut State Court for trial. *Id.* On the same day, Ms. White, proceeding pro se, removed the case to federal court for false advertising under the Lanham Act. Notice of Removal, at ¶¶ 4, 5.

2

### B.     Procedural History

On September 26, 2018, Ms. White removed this case from Connecticut Superior Court for Stamford-Norwalk at Stamford, Connecticut based on federal question and diversity jurisdiction. Notice of Removal., at ¶¶ 6, 7. On the same day, Ms. White moved for leave to proceed *in form pauperis*, which was referred to Magistrate Judge William Garfinkel. Motion for Leave to Proceed *in forma pauperis*, ECF No. 2; Order Referring Case to Magistrate Judge William I. Garfinkel, ECF No. 7.

On October 12, 2018, Wells Fargo moved to remand the case to state court. Motion for Remand, ECF No. 8. On November 11, 2018, Ms. White objected to the motion to remand to state court. Objection re Motion to Remand to State Court, ECF No. 11 ("Objection").

## II.    STANDARD OF REVIEW

A district court will remand a case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "[T]he party asserting jurisdiction bear the burden of proving that the case is properly in federal court[.]" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). The party asserting jurisdiction "must support its asserted jurisdictional facts with 'competent proof' and 'justify its allegations by a preponderance of the evidence.'" *S. Air, Inc. v. Chartis Aerospace Adjustment Servs., Inc.*, 3:11-CV-1495 (JBA), 2012 WL 162369, at *1 (D. Conn. 2012) (quoting *United Food & Commercial Workers Union*, 30 F.3d at 305)). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

## III. DISCUSSION

### A. Unanimity Rule

When removing a state case with multiple defendants, each defendant must independently consent to removal to federal court. *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) ("Although we have not yet advised what form a consent to removal must take, we agree with the district court that the remaining defendants must independently express their consent to removal." (citations omitted)). And the "[f]ailure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely." *Edelman v. Page*, 535 F. Supp. 2d 290, 293 (D. Conn. 2010) (Squatrito, J.).

Wells Fargo argues that there is a second defendant in the underlying state action that did not consent to removal. Mot. for Remand, at 7. Yet Ms. White has not offered any basis for excusing this second defendant from this action. Under 28 § 1446(a), Wells Fargo argues that remand to state court is proper because the Second Circuit strictly enforces the unanimity rule. *Id.*

Ms. White argues that the other defendant in this case, Landowne Condominium Association, Inc., is a nominal defendant without an interest in the note and mortgage—only operating as a condo association to which fees are paid. Objection, at 4.

The Court disagrees.

Under the unanimity rule, a case is improperly removed when "all named defendants provided written consent to removal during the mandatory 30–day period." *Anderson v. Derby Bd. of Educ.*, 718 F. Supp. 2d 258, 263 n. 10 (D. Conn. 2010) (citations omitted) (Haight, J.). Because this rule is strictly interpreted and enforced, "most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." *Burr ex rel. Burr. V.*

*Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006) (quoting *Codapro Corp. v. Wilson*, 997 F.Supp. 322, 325 (S.D.N.Y. 1998)).

Here, Ms. White has not offered unambiguous or written evidence that Landowne Condominium Association, Inc., consents to this action.

Accordingly, Ms. White has not met the requirements of 28 U.S.C. § 1446, and this case should be remanded because its removal is not in compliance with the unanimity rule. *See Edelman*, 535 F.Supp.2d at 292–93 (applying unanimity rule to remand case to state court); *Nat'l Waste Assocs., LLC v. TD Bank, N.A.*, No. 3:10–CV–289 (CSH), 2010 WL 1931031, at *2–3 (D. Conn. May 12, 2010) (same)

### B. Lack of Subject-Matter-Jurisdiction

In this case, Ms. White asserts that subject-matter jurisdiction is proper because there is both federal question and diversity jurisdiction. Notice of Removal., at ¶¶ 6, 7. Wells Fargo argues that federal question and diversity jurisdiction are improper in this case. Mot. for Remand, at 3–6.

Accordingly, the Court will address whether federal question or diversity jurisdiction are proper bases for removal.

#### 1. Federal Question Jurisdiction

Federal question jurisdiction exists when a civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For statutory purposes, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Critically, "[u]nder the 'well-pleaded complaint rule,' a defendant generally may not 'remove a case to federal court unless the plaintiff's complaint establishes that the case arises

under federal law.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004)); *see also Derisme*, 743 F. Supp. 2d at 102 ("The Supreme Court has long held that the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (citing *Rivet v. Regions Bank*, 522 U.S. 470 (1998)). Accordingly, this Court has jurisdiction only if Wells Fargo's Underlying Complaint presents a federal question of law.

Wells Fargo argues that the underlying issues in this case are matters of state law. Mot. for Remand, at 4. Its state-court Complaint is related to a mortgage foreclosure, an issue lacking a federal question. *Id.* Even if Ms. White claims that she has a defense under the Lanham Act, Wells Fargo argues that defenses based on federal law do not create federal question jurisdiction because "a 'federal law defense is not part of a properly pleaded complaint.'" *Id.* (citing *Bank of Am. Nat'l Assoc. v. Derisme*, 743 F. Supp. 2d 93, 102 (2010)). Because the foreclosure action is governed by Connecticut law, Wells Fargo argues that diversity jurisdiction can be the only basis for subject-matter jurisdiction.

In response, Ms. White argues that because World Savings Bank was a federal savings bank, resolution of the underlying foreclosure action will be based on substantial questions of federal law. Objection, at 2. Because the World Savings Bank, as the original mortgage owner, was governed by federal laws and the mortgage is governed by federal law, Ms. White argues that the action could have originally been brought in federal court. *Id.* at 3.

The Court disagrees.

Under 28 U.S.C. § 1441(b), courts have original jurisdiction over claims "arising " under

6

federal law. To determine whether a claim arises under federal law, courts "examine the 'well pleaded' allegations of the complaint and ignore potential defenses" for federal questions. *See Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1, 6 (2003). The Supreme Court has long held that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R. Co. Mottley*, 211 U.S. 149 (1908)).

Here, Wells Fargo seeks foreclosure on Ms. White's mortgage under Conn Gen. Stat. § 49-17. Underlying Compl., at 17. This statute "governs foreclosure by the owner of a debt without legal title to the underlying property." *Costello v. Wells Fargo Bank Nat'l. Assoc.*, No. 16-cv-1706 (VAB), 2017 WL 3262157, *12 (D. Conn. 2017). While Ms. White, asserts that she has a false advertising claim under the Lanham Act, *see* Notice of Removal, at ¶¶ 4, 5, her defense "is inadequate to confer federal jurisdiction." *See Merrell Dow Pharm., Inc.*, 478 U.S. at 808 (citation omitted). On the face of the Complaint, there is no claim arising under federal law.

2.  **Diversity Jurisdiction**

Under 28 U.S.C. § 1441(b)(2), a state court case also is not removable based solely on diversity jurisdiction, if any defendant is a citizen of the state in which the action is brought. *Derisme*, 743 F. Supp. at 102–103 (D. Conn. 2010) (remanding case because the defendant was a Connecticut citizen); *U.S. Bank Trust, N.A. for Wells Fargo Asset Sec. Corp. v. Walbert*, 3:17-cv-00991 (CSH), 2017 WL 3578553, at *3 (D. Conn. Aug. 18, 2017), *reconsideration denied sub nom. U.S. Bank Tr., N.A. for Wells Fargo Asset Sec. Corp. Mortg. Pass-Through Certificates Series 2005-AR2 v. Walbert*, No. 3:17-cv-0091 (CSH), 2017 WL 4613191 (D. Conn. Aug. 18, 2017) ("Because Defendant appears to be a citizen of Connecticut, and has not alleged that he is a citizen of any other state, and Connecticut is the state in which the civil action is brought, the

foreclosure action is not removeable.").

Wells Fargo argues that, under 28 U.S.C. § 1441(b), Ms. White cannot remove this action because she is a citizen of Connecticut and has no right to remove a case from Connecticut state court. Mot. for Remand, at 5. In support, Wells Fargo cites Ms. White's Notice of Removal and Appearance, which both indicate citizenship in Connecticut. *Id.* Hence, there is no diversity jurisdiction in this case.

Ms. White does not respond to the diversity jurisdiction arguments. Rather, she asserts that federal question jurisdiction controls in this case.

The Court disagrees.

Here, Wells Fargo sued Ms. White in Connecticut and Ms. White has admitted that she is a Connecticut resident. Notice of Removal, at 3, 14.

Accordingly, this Court lacks subject-matter jurisdiction on the basis of diversity. *See* 28 U.S.C. § 1441(b) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Wells Fargo's motion for remand because it lacks jurisdiction over this case.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of May 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE